IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00747-REB-KLM

CONNIE DIGIALLONARDO,

    Plaintiff,

v.

McCADDON CADILLAC BUICK GMC INC., and
MARY McDONALD,

    Defendants.

## PROTECTIVE ORDER

~~Pursuant to Plaintiff's Unopposed Motion for Entry of~~ Protective Order, the parties ~~agree, and the Court finds pursuant to Fed. R. Civ. P. 26(c), that good cause exists~~ to ~~support the~~ entry of a protective order to protect the discovery and dissemination of certain information deemed confidential by Plaintiff. [Handwritten insertions: "The parties request" and initials] This Protective Order will expedite the disclosure of information and production of documents protected by privilege or statutes, preserve the confidentiality of such information, protect privacy interests, and help to avoid potential discovery disputes related to information that is designated confidential. The parties agree and the Court hereby Orders as follows:

    1.    As used in this Protective Order, "document" is defined as designated in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

    2.    As used in this Protective Order, "document" shall include all documents, materials, and information, including without limitation, documents produced, answers to

1

interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

3. Prior to designating as "Confidential" any nonpublic documents or information provided, served, disclosed or filed in connection with this civil action, Plaintiff must first have the documents or information reviewed by a lawyer who will certify the appropriateness of designating the document or information as "Confidential" based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed.R.Civ.P. 26(c)(1). If Plaintiff and the lawyer so certifying believe in good faith that such documents or information are confidential and entitled to protection under Fed.R.Civ.P. 26(c)(1), they may designate such documents or information as "Confidential." Parties and attorneys designating documents as "Confidential" represent that such documents contain information in which there is a legitimate interest to be protected as referenced in D.C.Colo.L.Civ.R. 7.2(c). The documents or information so designated shall be deemed "Confidential Material" subject to this Protective Order.

4. Confidential Material shall be subject to the following restrictions. Confidential Material obtained via disclosure, production, service or filing in this litigation while properly designated as "Confidential" shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of this Court or another Court of competent jurisdiction, be disclosed in any way to anyone except those specified in this paragraph:

    (a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

(c) the parties, any insurance carrier involved in the defense or prosecution of this litigation on behalf of any party, and designated representatives of the parties and carriers;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for such witnesses and consultants to perform their functions related to the purpose of preparing for and conducting this civil action;

(e) the Court and its employees ("Court Personnel");

(f) stenographic and video reporters who are engaged in proceedings properly related to the conduct of this action;

(g) deponents, witnesses, potential deponents or potential witnesses who execute the attached Exhibit A;

(h) and, other persons by written agreement of the parties who execute the attached Exhibit A. If the parties are unable to reach agreement regarding whether disclosure to a particular person who has executed Exhibit A may or may not occur pursuant to this subparagraph (h), the procedure followed in paragraph 11, below, shall be followed, with the party objecting to the disclosure to such person bearing the burden of filing a timely motion and of establishing that good cause exists why such disclosure should not be permitted.

5. No Confidential Material shall be disclosed to any person other than the named parties in this litigation or their counsel, or individuals listed in paragraphs 4(a)-(f) above or their counsel, until said person first signs an acknowledgement of the confidentiality of such information in the form attached hereto as Exhibit A. Prior to disclosing any Confidential Material to any person other than those listed in paragraph 4(a)-(f) above, counsel shall inform such person of this Protective Order and provide such person with a copy of Exhibit A to be signed, acknowledging that he or she has knowledge of this Protective Order and agrees to be bound by its provisions. All such signed acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by counsel.

6. This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for and conduct this civil action (including any trial and any appeals), nor shall it interfere with communications between attorneys and clients concerning this litigation. Any disclosure or communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is strictly prohibited. The object of this Protective Order is that none of the information revealed in connection with such protections be used for any purpose other than in relation to this litigation and that no one be allowed to use any information produced pursuant to this order in connection with any other issue, dispute, litigation or charge against any of the parties whether currently pending or contemplated in the future.

7. No reproduction of information disclosed in reliance on this Protective Order is authorized for any purpose other than preparing for and conducting this civil action

(including any appeals). All copies, excerpts, or summaries made, shown, or given to those authorized hereby and according to the provisions hereof shall be stamped or marked, either electronically or otherwise, to indicate the protected and confidential nature of the disclosed information. Review of Confidential Material by counsel, experts or consultants for the litigation, or other individuals listed in paragraph 4(a)-(f) above, will not constitute any waiver of the confidentiality of the document or of any objections to production. The inadvertent, unintentional or in camera disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

8. Counsel to the parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep designated Confidential Material confidential pursuant to the provisions of this Protective Order. Counsel and the parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this Order and the limitations on its use and disclosure.

9. Documents are designated as Confidential Material by placing, affixing, typing, printing, stamping or otherwise indicating on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

10. If a deposition involves the disclosure of Confidential Material, the portions thereof quoting from or directly describing or discussing the contents of such Confidential Material may, pursuant to the provisions in Paragraph 3, above, be designated as Confidential and made subject to this Protective Order. Any such designation shall be made based on the transcript of the deposition within fourteen (14) days after notice by

the court reporter of the completion of the transcript or receipt of said transcript, whichever occurs first. This paragraph shall be subject to the provisions in Paragraph 11, below.

11. A party may object to the designation of particular documents or information as Confidential Material by giving written notice to the party designating the disputed information. The written notice shall identify the documents or information to which objection is made. If the parties cannot resolve the objection within five (5) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to contact the Court within five (5) additional business days and arrange, pursuant to the procedures set forth in Section 8(d) of the Scheduling Order, a telephone hearing regarding the issue, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a hearing is timely scheduled, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the dispute. ~~If the Court ultimately determines that the disputed information should not be subject to the terms of the Protective Order, the party who sought to designate the disputed information as confidential shall bear the costs and reasonable attorney fees of the nonmoving party associated with opposing the designation, attending the hearing, filing any pleadings in opposition to the designation, etc.~~ [KLM] If the designating party fails to contact the Court within five (5) business days of the original objection to arrange a hearing, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with any request for court intervention under this provision, the party designating the information as

6

confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

12. No later than three years after the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof designated as Confidential shall be either destroyed or returned to the party that designated the material as Confidential. All documents designated as Confidential, if they are retained during the three year period following the conclusion of the case, shall be maintained as Confidential. This Protective Order does not alter the obligations of any attorney, party or other individual with respect to how long they must retain any documents or information during the three year period following the conclusion of the case, but merely governs the designation and treatment of such documents if they are retained within that three-year period.

13. Stamped confidential documents shall not be filed with the clerk except when the confidential documents are relevant to a motion, brief or other pleading offered in good faith for the purpose of conducting, prosecuting, defending, or otherwise taking any action legitimately related to this civil action (including any appeals). A party seeking to file with the Court any Confidential Material that has been designated by another party shall file such Confidential Material as a restricted document (in which case, pursuant to D.C.Colo.LCiv.R. 7.2(e), the designating party will have the opportunity to file a Motion to Restrict, if the designating party believes such a Motion is warranted, within 14 days after the Confidential Material was filed) unless, upon conferral, counsel for the designating party informs counsel for the filing party that it is not necessary to file the document(s) in question as restricted document(s), in which case the requirement to file the document(s)

in that fashion shall be deemed waived, but the documents shall not thereby automatically lose their status as Confidential Material. In any case, the obligation to file a Motion to Restrict, and to provide the information required by D.C.Colo.LCiv.R. 7.2 to overcome the presumption in favor of public access and support restricted access, shall be borne entirely by the party that designated the documents in question as Confidential Material. The filing party's only obligation in this regard shall be to file Confidential Material as a restricted document, pursuant to D.C.Colo.LCiv.R. 7.2(e), unless the designating party waives such requirement with respect to a particular document(s), as described above.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

15. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

Dated this 15th day of July, 2014.

BY THE COURT:

_____

United States Magistrate Judge

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00747-REB-KLM

CONNIE DIGIALLONARDO,

       Plaintiff,

v.

McCADDON CADILLAC BUICK GMC INC., and
MARY McDONALD,

       Defendants.

---

### EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT

---

      I, _____, the undersigned, hereby acknowledge that I have been informed that a Protective Order issued by the Court in the above captioned civil action requires confidentiality with respect to information designated as "CONFIDENTIAL" in this case. Therefore, I agree to keep all such information and materials strictly and absolutely confidential pursuant to the terms of the Protective Order, and in all other respects to be bound by the terms of the Protective Order.

      My current address and telephone number is:

      Signature: _____ Date: _____